UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO.: 17-51(2) (ADM/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS (Doc. #34) & MOTION TO DISMISS (Doc. #35)** |
| STANLEY RICHARD COOK, | |
| Defendant. | |

Defendant Stanley Richard Cook, by and through his attorney, provides the following Memorandum in Support of his Motion to Suppress Statements (Doc. #34) and his Motion to Dismiss (Doc. #35).

**I.      Motion to Suppress Statements**

As the Court heard, a little after midnight on June 21, 2014, Red Lake police officers performed a felony stop on a SUV driven by Gary Auginash, Jr.  The passenger in the SUV was Mr. Cook.  After the Red Lake officers dealt with Mr. Auginash they turned their attention to Mr. Cook.  Secure behind police car doors, with firearms in the ready position Mr. Cook was ordered to exit the SUV.  Sergeant Harlan Johnson testified that as Mr. Cook exited the SUV he sway severely and placed his left hand the vehicle to steady himself.  Mr. Cook's troubled balance continued as he walked backwards toward the offices with a severe stagger.  When he turned around he placed his right hand on the SUV to continue to stead himself.  As he resumed his walk toward the officers Sgt. Johnson's concern that Mr. Cook was going to fall down cut the journey short and Mr. Cook was instructed to lie down.  Mr. Cook was then handcuffed, behind his back.

1

As Sgt. Johnson began to speak with Mr. Cook he noted a very strong odor of alcohol coming from Mr. Cook and observed that his verbal response was severely slurred. Mr. Cook told the officers he wanted to go home. Sergeant Johnson told him he was under arrest for public nuisance. Mr. Cook was then advised of his *Miranda* rights. In response to whether he understood his *Miranda* rights Mr. Cook responded "yeah". He was then told to be honest with law enforcement, in response he asked Sgt. Johnson what he was being charged with. After being told a second time he was being charged with public nuisance he was asked again to waive his *Miranda* rights. He again responded "yeah".

As this Court is well aware, it must look at the totality of the circumstances to determine whether statements made during a custodial interrogation are voluntary. United States v.LeBrun, 363 F.3d 715, 724 (8th Cir.2004). Factors that a court must consider when determining voluntariness include: (1) age; (2) general intelligence and education; (3) whether the individual was intoxicated or under influence of drugs; (4) knowledge of the right to withhold consent; and (5) awareness of protections the legal system offers criminal suspects, including *Miranda* rights. United States v. Bradley, 234 F.3d 363, 366 (8th Cir.2000). The burden of proving the validity of a *Miranda* waiver is on the Government. United States v. Haggard, 368 F.3d 1020, 1024 (8th Cir. 2004).

Mr. Cook's level of intoxication was extreme. He could barely stand without assistance. His speech was severely slurred. He had a hard time remembering what was just told him; asking Sgt. Johnson to repeat the charges. He was also told he was being investigated for public nuisance – a tribal misdemeanor, when in fact Sgt. Johnson was investigating a shooting – felony charges with a ten year mandatory minimum. While

2

there is no squad video or audio recording of this encounter nearly three years ago, what is telling about the true level of Mr. Cook's intoxication is the brevity of his questioning. Sgt. Johnson asked one question, who was shooting around that house in Hooterville? Mr. Cook, "We both were."  It seems inconceivable that a veteran officer like Sgt. Johnson would not have asked follow up questions.  Simple questions like, why?  At whom?  Exactly where?  The reasonable inference is that Sgt. Johnson did not continue his questioning of Mr. Cook because the falling down, severely intoxicated Mr. Cook was not capable of knowingly answering questions.

It's a reasonable inference because common sense tells us that a falling down intoxicated persons is not capable of having a knowing and intelligent conversation.  A knowing and voluntary waiver of *Miranda* requires more than just the ability to follow simple commands of walk towards us, stop, start, lie down.  While Mr. Cook did follow the officers commands that does not mean he understand his *Miranda* rights.  His confusion about the charges and his simple short answers all suggest Mr. Cook was simply trying to comply with law enforcement's commands.  When Mr. Cook's extreme intoxication is added to the fact that he was told he was being invested for only a misdemeanor public nuisance it becomes doubly clear that his "waiver" was not knowingly made.  The Government has not met its burden.  Mr. Cook's statement should be suppressed.

**II.    Motion to Dismiss**

Days before the motion hearing counsel for Mr. Cook learned that the Government had discovered the Red Lake police department did in fact still possess some of the physical evidence in this case.  But, importantly, still missing is the firearm.  Returned by

Red Lake police department in 2014.  No testing was ever done on the firearm—no ballistic testing, no DNA swabbing, no fingerprint collection.  The instrument of this offense is missing from the case, that is real and actual prejudice.  Because Mr. Cook has suffered actual prejudice this Court must balance that prejudice against the Government's justification for delay.  Howell v. Barker, 904 F.2d 889, 895 (4th Cir. 1990); See United States v. Jackson, 488 F.Supp.2d 866, 872-73 (D.Neb. 2007).  Here, the Government has offered nothing justifying the delay; the only offer appears to be the fact that multiple agents have come and gone from the Red Lake office between the date of the incident and the indictment.  The delay in waiting nearly three years to bring charges that carry a mandatory minimum ten year prison sentence is inexcusable.  Memories fade, evidence is lost—and startlingly it appears no new investigation has occurred since June of 2014.  This is not the fulfillment of due process.  This is the reckless disregard of due process.  The indictment should be dismissed.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **WOLD MORRISON LAW** |
| Dated: May 10, 2017. | s / Aaron J. Morrison |
|  | Aaron J. Morrison, ID #341241 |
|  | 247 Third Avenue South |
|  | Minneapolis, MN  55415 |
|  | Telephone:  612.341.2525 |
|  | Facsimile:  612.341.0116 |